**WILLEY, Admr et v SHINN**

Ohio Appeals, 5th Dist, Muskingum Co

No 458. Decided March, 1932

Graham & Graham, Zanesville, for plaintiff in error.

George & Leasure, Zanesville, for defendant in error.

LEMERT, J.

An examination of the testimony in the

lower court reveals that the defendant's said son on the said date hereinbefore mentioned came home from school about three o'clock P. M. of the afternoon of the accident, and brought the defendant's wife and daughter to Zanesville, the wife being desirous of calling on a dentist.

An examination of the record discloses, as shown at page 50, in the testimony of Charles Hutton, that while the said Hutton was detailing a conversation that he had with the defendant, Shinn, he testified in part as follows: "Was this your car or the boy's car?" and that the defendant replied thereto, "It was my car. The boy was driving it. I sent the boy to town with my wife to the dentist."

So that it is to be noted that the sole and only question before this court is the question of agency the father and the son, who was driving the car, or, in other words, was there a scintilla of evidence that the son at the time of the accident was the agent of the defendant, the father.

In the **26th Oh Ap, 225,** it was held,

"Where decedent was injured by an automobile owned by the wife, a passenger therein, but being driven by her husband, whether the husband was the wife's agent held for jury under the scintilla evidence rule, so that directing verdict for defendant was error."

The court in that case say,

"Since the Supreme Court of Ohio has established the validity of the scintilla rule in determining when direction of verdict is proper, the courts of inferior jurisdiction are bound by the fact that the doctrine is a settled one, and must follow the rule established by the Supreme Court."

And, further, that

"Under the scintilla rule of evidence, in determining when a verdict is properly directed, and where from the record there is a doubt whether a scintilla of evidence exists, such doubt must be resolved in favor of him who contends for the existence of such scintilla of evidence."

In **108 Oh St, 192,** the Supreme Court held,

"It is error for the court to direct a verdict against the plaintiff, where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the allegations of the petition."

"If, in ruling upon a motion to direct a verdict, the court is required to detect the truth from conflicting evidence of the same or different witnesses, the motion should be overruled."

The record in the instant case and the evidence before the jury in the court below clearly showing that the defendant below stating that "It was my car. I sent the boy to town with my wife to the dentist," and taking further into consideration, as shown by the record, that this was a family car, operated by the boy when the father was not present, and was used for the benefit of the family and purchased for said benefit, there was a scintilla of evidence raising a question of fact which was for the jury to determine, and the court below committed error and usurped the province of the jury in taking said case from the jury.

It therefore follows that the judgment of the court below will be and the same is hereby reversed and said cause remanded to the Court of Common Pleas for further proceedings according to law. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.